**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| CHANTAE' S. PETERMAN, | : |
| Plaintiff, | : |
| v. | : Case No.: 1:13-cv-91 (WLS) |
| WAL-MART STORES INC., | : |
| Defendant. | : |

**ORDER**

Before the Court is Plaintiff Chantae' S. Peterman's Motion to Remand. (Doc. 6.) For the reasons that follow, the plaintiff's motion is **DENIED**.

## I.     Procedural Background

Plaintiff Chantae' Peterman (Peterman) filed this slip-and-fall case in the Superior Court of Dougherty County on April 23, 2013. Peterman alleges that, while shopping at Walmart in Albany, Georgia, she slipped on a clear substance, fell, and "suffers and continues to suffer serious and painful personal injuries to her mind and body." Defendant Wal-Mart Stores (Wal-Mart) removed the case to this Court on May 29, 2013, on the basis of diversity jurisdiction.

Peterman now moves to remand. She claims the Court lacks subject matter jurisdiction because she alleged an unspecified amount of damages in her complaint and Wal-Mart has failed to prove the amount in controversy by a preponderance of the evidence. In support of its removal, Wal-Mart avers that "Plaintiff's alleged claims include right elbow and back injuries, an alleged avulsion fracture of the right elbow, thoracic back pain, thoracic sprain, thoracic strain, lumbar sprain, lumbar strain,

1

myofascial pain, $40,992.87 in past medical expenses, future medical expenses and pain and suffering." Additionally, "Plaintiff has made a settlement demand of $100,000." Peterman claims the Court should discount the demand letter because Wal-Mart counteroffered for $6,500.

The Court agrees with Wal-Mart that the amount in controversy exceeds $75,000, and, thus, Peterman's motion must be denied.

## II. Discussion

Title 28, United States Code, section 1141(a) allows a defendant to remove from state court any civil action over which a federal court would have original jurisdiction. 28 U.S.C. § 1141(a). A federal court has original jurisdiction when (1) the case presents a federal question or (2) when the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331, 1332. A federal court must assess the jurisdictional facts at the time of removal. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009). If the court lacks jurisdiction, the case must be remanded to the state court. 28 U.S.C. § 1447(c). Removal statutes are strictly construed "[b]ecause removal jurisdiction raises significant federalism concerns." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Where, like here, a party removes on the basis of diversity jurisdiction, a federal court cannot speculate as to the amount in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007). Rather, "[i]f a plaintiff makes 'an unspecified demand for damages in

2

state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000)). To satisfy its burden, a defendant may introduce extrinsic evidence. *See Pretka,* 608 F.3d at 774–75. But the defendant need not introduce evidence when it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional minimum, even if the plaintiff demands an unspecified amount of damages. *Roe*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062.

Although it is doubtful whether Wal-Mart could have removed solely on the basis of Peterman's complaint, the Court concludes the defendant has satisfied its burden of establishing the amount in controversy by a preponderance of the evidence. In her complaint, Peterman makes a naked allegation that "she sustained serious and painful injuries to her body and mind and suffered and continues to suffer mentally and physically." The complaint fails to further illuminate what type of injuries she experienced.

Nevertheless, in support of its removal, Wal-Mart tendered Peterman's $100,000 settlement demand. "While [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). How much it counts for depends on the content of the letter. *Farley v. Variety*

3

*Wholesalers, Inc.*, No. 5:13-cv-52 (CAR), 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013). Pre-suit demand letters that reflect posturing and puffery are entitled to little weight, while "[m]ore weight should be given to a settlement demand if it is an 'honest assessment of damages." *Id.* (quoting *Cross v. Wal–Mart Stores, East, LP,* No. 7:11–cv–21 (HL), 2011 WL 976414, at *2 (M.D.Ga. Mar. 17, 2011)).

Peterman's complaint, along with her demand letter, establish that the amount in controversy exceeds $75,000. As an initial matter, Peterman's complaint claims she has suffered and will continue to suffer physical and mental anguish. In her demand letter, Peterman also details $40,992.87 in past medical expenses from fourteen medical providers. She also claims she suffered an avulsion fracture to her left elbow, a thoracic pain and strain, and a lumbar pain and strain. Additionally, Peterman claims she now experiences myofascial pain syndrome, "a serious condition which can severely affect an injured person's lifestyle" and requires ongoing treatment. Peterman's demand letter is more than mere puffery—it is, by its own words, a "good faith attempt to avoid litigation" and a detailed catalogue of her various pains and sufferings. It is a fair assessment of her damages.

The Court finds unpersuasive Peterman's argument that Wal-Mart's counteroffer somehow lessens the amount in controversy. The counteroffer letter, prepared by an insurance company, does not explain its reasoning or indicate whether the insurer even investigated Peterman's claim. Given that the counteroffer does not even come close to covering Peterman's past medical expenses, it does not appear to be a fair assessment of her claims.

Based on the Court's common sense and experience, these facts adequately establish diversity jurisdiction. Peterman claims more than $40,000 in medical

expenses alone. Past and future pain and suffering and future medical expenses adequately account for the remaining $35,000.

For those reasons, the Court concludes Wal-Mart has established its burden.

### III. Conclusion

Peterman's motion to remand (Doc. 6) is **DENIED**.

**SO ORDERED**, this  13th   day of September 2013.

                                              /s/ W. Louis Sands  
                                          **THE HONORABLE W. LOUIS SANDS,**  
                                          **UNITED STATES DISTRICT COURT**